Avi R. Kaufman
KAUFMAN P.A.
kaufman@kaufmanpa.com
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Christopher Rihm,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**Priority 1 Lending, LLC,** a Michigan company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Christopher Rihm ("Plaintiff Rihm" or "Rihm") brings this Class Action Complaint and Demand for Jury Trial against Defendant Priority 1 Lending, LLC, ("Defendant" or "Priority 1 Lending") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls and sending text messages to consumers without consent including calls/texts to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rihm, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Rihm is a resident of Arizona City, Arizona.

2. Defendant Priority 1 Lending is a company registered in Michigan, with its headquarters located in Livonia, Michigan. Defendant Priority 1 Lending conducts business throughout this District and throughout the US, including Arizona.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since the wrongful conduct giving rise to this case was directed into this District.

## INTRODUCTION

5. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in April 2026 alone, at a rate of 140.2 million per day. www.robocallindex.com (last visited May 31, 2026).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

13. Defendant Priority 1 Lending provides mortgage-related services including loan refinancing for consumers.[3]

14. Defendant Priority 1 Lending places telemarketing cold calls and text messages to consumers.

15. In a job posting for Defendant's mortgage loan originator, cold calling was specifically mentioned as a job requirement under sales skills:

**About the job**

- Relevant experience: Looking for candidates who have a proven track record of success in the mortgage lending industry. This may include experience working as a loan officer or loan partner.
- Strong sales skills: Mortgage loan officers need to be able to sell their products and services to potential clients. Look for candidates who have a strong sales background, and who are comfortable with prospecting, cold-calling, and building relationships.
- Excellent communication skills: Mortgage loan officers need to be able to communicate complex financial information to clients in a clear and concise manner. Look for candidates who are articulate, personable, and have strong interpersonal skills.
- Attention to detail: Mortgage lending involves a lot of paperwork and documentation. Look for candidates who are detail-oriented and organized, and who have a track record of producing accurate work.
- Knowledge of industry regulations: The mortgage lending industry is highly regulated, so it's important to hire candidates who are knowledgeable about industry regulations and compliance requirements.
- Technology skills: Mortgage lending has become increasingly digital, so it's important to hire candidates who are comfortable using technology to process applications, manage client information, and communicate with clients.

[4]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.linkedin.com/company/priority1lendingllc/about/

[4] https://www.linkedin.com/jobs/view/mortgage-loan-originator-at-priority-1-lending-3500037393/

16. Some of the calls that Priority 1 Lending is making are to consumers that registered their phone numbers on the DNC specifically to avoid such telemarketing calls, as per Plaintiff's experience.

17. Consumers have posted complaints online about unsolicited calls and text messages that they received from Priority 1 Lending on Google.com,[5] including:

**Candice Huang (iceey_cold)**
3 reviews
★☆☆☆☆ 4 months ago

PREDAOTRY LENDING WARNING: The "Savings" are a Mathematical Trap
I was targeted by a cold call from this company claiming they could save me money. Be extremely careful. They lure you in with promises of "no escrow fees" and "two months of skipped payments," but it's a scam. Here is the catch: they hide a massive increase to your principal (they tried to add $10k to mine) and reset your 30-year clock. You end up owing significantly more than when you started.
The most unprofessional part? I could clearly hear a manager whispering instructions to the agent in the background, coaching her on how to manipulate the conversation. When I questioned the math or said I didn't understand their confusing textbook-scripted jargon, they became condescending and mocked me. They are looking for victims who won't check the math. If you value your financial freedom, stay away. Do not trust their "calculations"—they are playing a shell game with your home equity.

**Jon J.**
Local Guide · 151 reviews · 17 photos
★☆☆☆☆ 2 months ago

Failed to provide NMLS number as required by law. I filed a complaint with the State and CFPB. Sketchy company that buys personal information for cold call you.

**Robert Hadley**
Local Guide · 21 reviews · 2 photos
★☆☆☆☆ 9 months ago

I recently received a voicemail from someone named Chris who claimed my mortgage had been "flagged." He left no details about what company he was calling from, just a callback number. That alone was suspicious. When I called back, a woman named Lauren answered and said she was helping Chris. I had to ask multiple times just to find out what company they represented—Priority 1 Lending.

[5] https://www.google.com/search?q=priority+1+lending

**Stephen Simmons**
2 reviews

★☆☆☆☆ 8 months ago

Do NOT deal with these people. 12 phone calls in 15 minutes trying to get me to refinance through them. Ridiculous.

**James Chambers**
6 reviews

★☆☆☆☆ 2 years ago

Received an unsolicited text message from Olivia at Priority 1 Lending inquiring about an application I submitted with another lender. I immediately responded and informed her that if she continues to message me that I would leave a negative review. She continued to message me anyways asking if I was in the process, completely disregarding my request not to be contacted anymore! Very disrespectful and complete disregard for the boundaries I set. Definitely not an organization that I would want to do any type of business with!

**B. T.**
Local Guide · 11 reviews · 21 photos

★☆☆☆☆ 2 years ago

It has been less than 24 hours since my wife and I applied for a loan through another company. On the first day, I had two calls from Priority 1 Lending and today, I received four calls before 1:30 p.m. 2 out of 4 of those calls were of me trying to figure out how they got my contact information and if they were affiliated with the company that I applied with. These rude women attempted to talk over me and danced around the fact that they were cold-calling me.

**Jessica Williams**
Local Guide · 153 reviews · 99 photos

★☆☆☆☆ a year ago

We have a VA mortgage we closed on last year and this company plagues us with phone calls daily. They will NOT leave us alone and are extremely rude. If we were in the market to refinance we would avoid this company like the plague. Get a new marketing team because harassing disabled combat vets and their family is not a good strategy!

**Wade Thomas**
Local Guide · 28 reviews

★☆☆☆☆ a year ago

This company started cold calling me. When I told the sales person to stop calling me immediately, he responded snidely with, "what if I don't want to?". Such a sleazy company who doesn't deserve anyone's business.

18. In response to these calls and texts, Plaintiff Rihm brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF RIHM'S ALLEGATIONS**

19. Plaintiff Rihm is the sole owner and exclusive user of his cell phone number ending in 6480.

20. Plaintiff Rihm registered his cell phone number on the DNC on May 19, 2007.

21. Plaintiff Rihm uses his cell phone number for personal use only as one would use a landline telephone number in a home.

22. Plaintiff Rihm has never advertised his cell phone number for business purposes.

23. Plaintiff Rihm pays for his cell phone personally. It is not reimbursed by a business.

24. The calls/texts that Plaintiff Rihm received from Defendant Priority 1 Lending were all received more than 31 days after Plaintiff registered his cell phone number on the DNC.

25. On March 18, 2026, Plaintiff Rihm received an unsolicited call to his cell phone that only displayed "Private Number."

26. This call was not answered, but a voicemail was left about a potentially lower mortgage payment rate.

27. On March 18, 2026 at 8:24 AM, Plaintiff Rihm received an unsolicited text message to his cell phone from 248-845-3210:




28. As per the screenshot, the text message was sent from an employee who identifies the company name Priority 1 Lending.

29. The text message also makes reference to the voicemail that Plaintiff Rihm had just received, presumably from the same employee.

30. The text message is a solicitation as it solicits Defendant's mortgage services.

31. On April 13, 2026 at 8:14 AM, Plaintiff Rihm received a text message from 248-845-3210 that is identical to the text message he received on March 18, 2026:




32. As per the screenshot, the text message makes reference to a voicemail that was left before the text was sent.

33. Plaintiff Rihm has never done business with Priority 1 Lending and has never given them consent to call his phone number.

34. The unauthorized solicitation telephone calls and text messages that Plaintiff Rihm received from Defendant Priority 1 Lending have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

35. Seeking redress for these injuries, Plaintiff Rihm, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Rihm brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Priority 1 Lending called and/or texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on

the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called/texted Plaintiff.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Rihm anticipates the need to amend the Class definition following appropriate discovery.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed multiple calls/texts within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call/text;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Rihm will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rihm has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Rihm and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rihm nor his counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Rihm. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rihm and the Do Not Call Registry Class)**

42. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Rihm and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Rihm and the Do Not Call Registry Class received more than one telephone call and/or text message in a 12-

month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

47. As a result of Defendant's conduct as alleged herein, Plaintiff Rihm and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Rihm requests a jury trial.

Respectfully Submitted,

**CHRISTOPHER RIHM**, individually and on behalf of all others similarly situated,

DATED this 22nd day of October, 2026.

By: /s/ Avi *R. Kaufman*
Avi R. Kaufman
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
kaufman@kaufmanpa.com
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*